**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| JUSTIN LOHR, Individually and for Others Similarly Situated | **Case No.** <u>2:24-cv-69</u> |
| v. | Jury Trial Demanded |
| BOP ACQUSITION LLC, BOP ABSTRACT LLC, BOP LAND SERVICES LP, and BOP LAND GP LLC | FLSA Collective Action Rule 23 Class Action |

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

SUMMARY

1.      Justin Lohr ("Lohr") brings this class and collective action to recover unpaid wages and other damages from BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (collectively, "BOP" or the "BOP Entities").

2.      BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC, as a single, unified enterprise, employed Lohr as one of its Shift Rate Workers (defined below) in Pennsylvania.

3.      Lohr and the other Shift Rate Workers regularly work more than 40 hours a week.

4.      But BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC, as a single, unified enterprise, do not pay Lohr and the other Shift Rate Workers for all their hours worked.

5.      Instead, as a single, unified enterprise, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC pay Lohr and the other Shift Rate Workers on a shift rate basis (based on an 8-hour shift each day).

6.      But Lohr and the other Shift Rate Workers are regularly forced to work more than 8 hours a day to complete their job duties.

7.     Under BOP's uniform, illegal shift rate pay scheme, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC, as a single, unified enterprise, only pay Lohr and its other Shift Rate Workers for a maximum of 8 hours a day, regardless of whether they work more.

8.     BOP's uniform shift rate pay scheme violates the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA") by depriving these employees of overtime wages for all overtime hours worked.

9.     Likewise, BOP's uniform shift rate pay scheme violates the Pennsylvania Wage Payment and Collection Law ("PWPCL") by depriving Lohr and the other Shift Rate Workers of earned wages for all their hours worked.

## JURISDICTION & VENUE

10.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11.     The Court also has supplemental jurisdiction over the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

12.     This Court has general personal jurisdiction over BOP Acquisition LLC because it is a domestic limited liability company registered to do business in the Commonwealth.

13.     This Court has general personal jurisdiction over BOP Abstract LLC because it is a domestic limited liability company registered to do business in the Commonwealth.

14.     This Court has general personal jurisdiction over BOP Land Services LP because it is a domestic limited partnership registered to do business in the Commonwealth.

15.     This Court has general personal jurisdiction over BOP Land GP LLC because it is a domestic limited partnership registered to do business in the Commonwealth.

16.     Venue is proper because BOP is headquartered in Pittsburgh, Pennsylvania, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

**PARTIES**

17.     BOP employed Lohr as a Landman in Pennsylvania from approximately January 2018 until January 2024.

18.     Throughout his employment, BOP paid Lohr under its uniform, illegal shift rate pay scheme.

19.     Lohr's written consent is attached as **Exhibit 1**.

20.     Lohr brings this class and collective action on behalf of himself and other employees who work for BOP in the land services, curative, project management, well review and inspections, and GIS Data & Mapping departments who BOP paid under its illegal shift rate pay scheme.

21.     BOP pays each of these workers on a shift rate basis (based on an 8-hour shift each day).

22.     But each of these employees are regularly forced to work beyond their 8-hour shifts without pay to complete their job duties and responsibilities.

23.     Thus, BOP uniformly deprives these employees of overtime wages for all overtime hours worked in violation of the FLSA and PMWA.

24.     Likewise, BOP uniformly deprives these employees of earned wages for all hours worked in violation of the PWPCL.

25.     The FLSA Collective of similarly situated employees is defined as:

> **All employees of the BOP Entities who were paid according to BOP's shift rate pay scheme (the "FLSA Collective Members").**

26.     Lohr also seeks to represent such a class under the PMWA and PWPCL pursuant to Fed. R. Civ. P. 23.

27.     The Pennsylvania Class of similarly situated employees is defined as:

> **All employees of the BOP Entities in, or based out of, Pennsylvania[1] who were paid according to BOP's shift rate pay scheme (the "Pennsylvania Class Members").**

28.    The FLSA Collective Members and the Pennsylvania Class Members are collectively referred to as the "Shift Rate Workers."

29.    BOP Acquisition LLC is a Pennsylvania limited liability company headquartered in Pittsburgh, Pennsylvania.

30.    BOP Acquisition LLC may be served with process at its registered office: **2547 Washington Road, Building 700, Suite 720, Pittsburgh, Pennsylvania 15241**.

31.    BOP Abstract LLC is a Pennsylvania limited liability company headquartered in Pittsburgh, Pennsylvania.

32.    BOP Abstract LLC may be served with process at its registered office: **2547 Washington Road, Building 700, Suite 720, Pittsburgh, Pennsylvania 15241**.

33.    BOP Land Services LP is a Pennsylvania limited partnership headquartered in Pittsburgh, Pennsylvania.

34.    BOP Land Services LP may be served with process at its registered office: **1441 Redfern Drive, Pittsburgh, Pennsylvania 15241**.

---

[1] The PMWA and PWPCL apply to Pennsylvania workers, regardless of the state in which the work is performed. *Truman v. DeWolff, Boberg & Assocs., Inc.*, No. 07-01702, 2009 WL 2015126, at *2 (W.D. Pa. July 7, 2009) ("In light of the FLSA's explicit recognition that states may offer greater protections to its employees than the FLSA, we are reluctant to find an unstated foreign-work exemption in the PMWA based solely on the fact that the FLSA contains such an exemption."). Courts apply a five-factor test for purposes of the PMWA and PWPCL to determine whether workers are based in Pennsylvania, which include (1) employer's headquarters; (2) employee's physical presence working in Pennsylvania; (3) extent of employee's contact with Pennsylvania Employer, i.e., reporting, direction, supervision, hiring, assignment, and termination; (4) employee's residence; and (5) employee's ability to bring her claim in another forum. *See Matthews v. BioTelemetry, Inc.*, No. CV 18-561, 2018 WL 3648228, at *3 (E.D. Pa. July 31, 2018).

35.     BOP Land GP LLC is a Pennsylvania limited liability company headquartered in Pittsburgh, Pennsylvania.

36.     BOP Land GP LLC may be served with process at its registered office: **1441 Redfern Drive, Pittsburgh, Pennsylvania 15241**.

37.     BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC operate as a unified, single enterprise.

## FLSA COVERAGE

38.     At all relevant times, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC were an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

39.     At all relevant times, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC were a single "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

40.     At all relevant times, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC were a single "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, and personal protective equipment—that have been moved in or produced for commerce.

41.     At all relevant times, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

42. At all relevant times, Lohr and the other Shift Rate Workers were BOP Acquisition LLC's, BOP Abstract LLC's, BOP Land Services LP's, and BOP Land GP LLC's "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

43. At all relevant times, Lohr and the other Shift Rate Workers were engaged in commerce or in the production of goods for commerce.

44. BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) paid Lohr and the other Shift Rate Workers under a uniform, illegal shift rate pay scheme (based on an 8-hour day), regardless of the specific BOP entity that directly paid them.

45. But BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) required Lohr and the other Shift Rate Workers to work after their 8-hour shifts (without pay) to complete their job duties and responsibilities.

46. As a result, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) failed to pay Lohr and its other Shift Rate Workers for this compensable work, including overtime, they performed beyond their 8-hour shifts.

47. BOP's company-wide, uniform shift rate pay scheme, which deprives Lohr and the other Shift Rate Workers of overtime wages for all hours worked after 40 in a workweek, violates the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTS

48. BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC are affiliated entities.

49.     For example, BOP Abstract LLC claims BOP Acquisition LLC is its "partner company."[2]

50.     In fact, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC all operate under the same trade name—BOP—as a unified, full-service land and title company.

51.     BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC have common ownership and/or management.

52.     BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC have a shared corporate headquarters and other shared offices in Pittsburgh, Pennsylvania.

53.     Likewise, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC have a shared and/or centralized human resources department.

54.     BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC also perform the same or similar activities—providing land and title services to clients across the country, including in Pennsylvania—as a single, unified business operation.

55.     BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC are a unified operation directed to accomplish their shared business objective of operating as a unified, full-service land and title company, which provide various land and title services to the oil and gas industry.

56.     That is, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC, together, operate as a single, unified, full-service land and title company.

---

[2] http://www.bopabstract.com/ (last visited January 18, 2024).

57.    Specifically, each BOP entity specializes in a different aspect of BOP's overall land and title services, and, together, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC operate as a full-service land and title company.

58.    For example, BOP Abstract LLC provides title services for oil and gas development, BOP Acquisition LLC provides the related acquisition services, and BOP Land Services LP and BOP Land GP LLC provide the related land inspection services.

59.    In other words, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC cannot operate as a full-service land and title company, like they market to their clients, without the related services each BOP entity provides to their shared, common clients.

60.    As a full-service land and title company, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC, together, as a unified operation, provide various land and acquisition services, including project management, title examination, GIS data and mapping services, and well review and inspections, to their shared oil and gas industry clients across the country.[3]

61.    To meet their unified business objective, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC, as a single enterprise, employ workers, including Lohr and the other Shift Rate Workers, to provide the land and title services BOP markets to its clients.

62.    Because Lohr and the other Shift Rate Workers provide various land and title services to BOP's clients, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC, together, share control over these workers' employment settings.

---

[3] *See* http://www.bopacq.com/services/ (last visited January 18, 2024); http://www.bopabstract.com/services/ (last visited January 18, 2024).

63.     BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC share control, oversight, and direction of Lohr and the other Shift Rate Workers, including, but not limited to, hiring, firing, disciplining, and other employment practices that apply to the employees that work in the land services, curative, project management, well review and inspections, and/or GIS Data & Mapping departments.

64.     That is, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC operate under the same, BOP company-wide policies.

65.     And BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC apply the same, BOP company-wide employment practices and policies to Lohr and the other Shift Rate Workers.

66.     Under these BOP company-wide practices and policies, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC equally control Lohr's and the other Shift Rate Workers' rates and methods of pay.

67.     Under these BOP company-wide practices and policies, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC equally control Lohr's and the other Shift Rate Workers' schedules and assignments.

68.     And under these BOP company-wide practices and policies, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC equally control Lohr's and the other Shift Rate Workers' land and title services work.

69.     Indeed, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC equally require Lohr and the other Shift Rate Workers to follow BOP's company-wide policies, procedures, and protocols that uniformly apply to the BOP employees in the land services, curative, project management, well review and inspections, and/or GIS Data & Mapping departments.

70.     Indeed, Lohr's and the other Shift Rate Workers' work must strictly adhere to the uniform quality standards equally put in place by BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC.

71.     BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC, as a unified operation, supervise and control Lohr's and the other Shift Rate Workers' work and prohibits these employees from straying from BOP's uniform procedures, plans, protocols, and specifications.

72.     BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC, as a unified operation, possess the authority to hire, fire, and discipline Lohr and the other Shift Rate Workers.

73.     BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC, as a unified operation, maintain shared employment records for Lohr and the other Shift Rate Workers.

74.     Without the land and title services Lohr and the other Shift Rate Workers perform, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC would not be able to meet their shared business objective of operating as a full-service land and title company that provides land and title services to their shared clients across the country, including in Pennsylvania.

75.     Lohr's and the other Shift Rate Workers' work is integral to, and benefits, BOP Acquisition LLC's, BOP Abstract LLC's, BOP Land Services LP's, and BOP Land GP LLC's unified business objective and operation.

76.     Thus, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC are, in effect, a single enterprise.

77.    And BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC employ Lohr and the other Shift Rate Workers under this single, unified BOP business enterprise.

78.    BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC, as a unified operation, uniformly pay Lohr and the other Shift Rate Workers under BOP's company-wide, illegal shift rate pay scheme.

79.    While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practice—BOP's illegal shift rate pay scheme—for similar work.

80.    For example, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC, as a single, unified enterprise, employed Lohr as a Landman in Pennsylvania from approximately January 2018 until January 2024.

81.    As a Landman, Lohr's primary responsibilities included making/taking phone calls to/from land and mineral rights owners, setting up appointments with these owners, visiting the land to facilitate oil and gas contracts and lease agreements, conducting title searches, conducting land inspections, and preparing form paperwork (like form lease agreements for subsurface mineral and exploration rights) for BOP's oil and gas industry clients.

82.    Throughout his employment, Lohr was required to report his hours worked via BOP's company-wide timekeeping system.

83.    Thus, BOP Acquisition LLC's, BOP Abstract LLC's, BOP Land Services LP's, and BOP Land GP LLC's shared employment records reflect the hours Lohr worked each week.

84.    Throughout his employment, Lohr regularly worked more than 40 hours a week.

85.    Indeed, throughout his employment, Lohr worked 10 to 11 hours a day for at least 5 days a week (or 50 to 55 hours a week).

86.     But throughout his employment, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) did not pay Lohr for all his hours worked.

87.     Instead, throughout his employment, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) paid Lohr under their uniform, illegal shift rate pay scheme.

88.     Specifically, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) paid Lohr a shift rate based on an 8-hour shift each day.

89.     But, as noted above, throughout his employment, Lohr regularly worked more than 8 hours a day to complete his job duties and responsibilities in accordance with BOP's company-wide expectations.

90.     When Lohr worked beyond his 8-hour shift, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) paid would not pay Lohr for any hours worked beyond his 8-hour shift.

91.     That is, under BOP's uniform, illegal shift rate pay scheme, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) only paid Lohr a maximum of 8 hours a day, regardless of whether he worked more.

92.     Despite knowing Lohr regularly performed compensable work beyond his 8-hour shift for BOP Acquisition LLC's, BOP Abstract LLC's, BOP Land Services LP's, and BOP Land GP LLC's shared predominant benefit, he was not paid for any work he performed beyond his 8-hour shift each day.

93.     Thus, under BOP's uniform, illegal shift rate pay scheme, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) did

not pay Lohr overtime wages for all hours he worked over 40 in a workweek, including those worked beyond his 8-hour shifts, in violation of the FLSA and PMWA.

94.    Likewise, under its uniform, illegal shift rate pay scheme, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) withheld earned wages (including earned overtime wages) from Lohr for his hours worked beyond his 8-hour shifts in violation of the PWPCL.

95.    BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) pay the other Shift Rate Workers according to the same illegal shift rate pay scheme BOP imposed on Lohr.

96.    That is, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) pay their other Shift Rate Workers shifts rates based on an 8-hour shift each day.

97.    But like Lohr, the other Shift Rate Workers regularly work more than 8 hours a day to complete their job duties and responsibilities in accordance with BOP's uniform, company-wide expectations.

98.    Indeed, like Lohr, the other Shift Rate Workers typically work 10 to 11 hours a day for at least 5 days a week (or 50 to 55 hours a week).

99.    But, just as with Lohr, when the other Shift Rate Workers work beyond their 8-hour shifts, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) do not pay them for any hours they work beyond their 8-hour shifts.

100.    BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) effectively require Lohr and the other Shift Rate Workers to work "off the clock" (despite these employees remaining clocked in).

101.     BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) fail to exercise their shared duty as Lohr's and the other Shift Rate Workers' employer to ensure they are not performing work that BOP does not want performed beyond their 8-hour shifts.

102.     And BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) know, should know, or recklessly disregard whether Lohr and the other Shift Rate Workers routinely perform work beyond their 8-hour shifts because they report their hours worked to the BOP Entities through BOP's unified timekeeping system.

103.     Likewise, Lohr and the other Shift Rate Workers repeatedly complained to their supervisors, HR, and/or BOP management about being forced to work beyond their 8-hour shifts without pay.

104.     Thus, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) requested, suffered, permitted, or allowed Lohr and the other Shift Rate Workers to work beyond their 8-hour shifts.

105.     Despite accepting the benefits, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) do not pay Lohr and the other Shift Rate Workers for the compensable work they perform beyond their 8-hour shifts.

106.     Thus, under BOP's company-wide, illegal shift rate pay scheme, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) deprive Lohr and the other Shift Rate Workers of overtime pay for the work they perform beyond their 8-hour shifts during weeks in which they work more than 40 hours in violation of the FLSA and PMWA.

107.     Likewise, under BOP's company-wide, illegal shift rate pay scheme, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified

enterprise) withhold earned wages (including earned overtime wages) from Lohr and the other Shift Rate Workers for the work they perform beyond their 8-hour shifts in violation of the PWPCL.

CLASS & COLLECTIVE ACTION ALLEGATIONS

108.    Lohr incorporates all other paragraphs by reference.

109.    Like Lohr, the Shift Rate Workers are victimized by BOP's uniform, illegal shift rate pay scheme.

110.    Other Shift Rate Workers worked with Lohr and indicated they were paid in the same manner, performed similar work, and were subject to BOP's same illegal shift rate pay scheme.

111.    Based on his experience with BOP, Lohr is aware BOP's illegal shift rate pay scheme was imposed on the other Shift Rate Workers.

112.    The Shift Rate Workers are similarly situated in the most relevant respects.

113.    Even if their precise job duties and locations might vary, these differences do not matter for the purposes of determining their entitlement to earned wages for all hours worked and overtime wages for all overtime hours worked.

114.    Therefore, the specific job titles or precise job locations of the various Shift Rate Workers do not prevent class or collective treatment.

115.    Rather, BOP's uniform, illegal shift rate pay scheme renders Lohr and the other Shift Rate Workers similarly situated for the purposes of determining their right to earned wages for all hours worked and overtime wages for all overtime hours worked.

116.    BOP Acquisition LLC's, BOP Abstract LLC's, BOP Land Services LP's, and BOP Land GP LLC's shared records reflect the number of hours the Shift Rate Workers worked each week.

117.    BOP Acquisition LLC's, BOP Abstract LLC's, BOP Land Services LP's, and BOP Land GP LLC's shared records also show the Shift Rate Workers were only paid for a maximum of 8 hours worked each day.

118.    The backwages owed to Lohr and the other Shift Rate Workers can therefore be calculated using the same formula applied to the same records.

119.    Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to BOP Acquisition LLC's, BOP Abstract LLC's, BOP Land Services LP's, and BOP Land GP LLC's shared records, and there is no detraction from the common nucleus of liability facts.

120.    Therefore, the issue of damages does not preclude class or collective treatment.

121.    Lohr's experiences are therefore typical of the experiences of the other Shift Rate Workers.

122.    Lohr has no interest contrary to, or in conflict with, the other Shift Rate Workers that would prevent class or collective treatment.

123.    Like each Shift Rate Worker, Lohr has an interest in obtaining the unpaid wages owed under federal and Pennsylvania law.

124.    Lohr and his counsel will fairly and adequately protect the interests of the Shift Rate Workers.

125.    Lohr retained counsel with significant experience in handling complex class and collective action litigation.

126.    A class and collective action is superior to other available means for fair and efficient adjudication of this lawsuit.

127.    Absent this class and collective action, many Shift Rate Workers will not obtain redress for their injuries, and the BOP Entities will reap the unjust benefits of violating the FLSA, PMWA, and PWPCL.

128.    Further, even if some of the Shift Rate Workers could afford individual litigation, it would be unduly burdensome to the judicial system.

129.    Indeed, the multiplicity of actions would create a hardship to the Shift Rate Workers, the Court, and the BOP Entities.

130.    Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Shift Rate Workers' claims.

131.    The questions of law and fact that are common to each Shift Rate Worker predominate over any questions affecting solely the individual members.

132.    Among the common questions of law and fact are:

    a.    Whether BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC are a single enterprise;

    b.    Whether BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) engaged in a policy or practice of only paying the Shift Rate Workers for a maximum of 8 hours worked each day, regardless of whether they worked more;

    c.    Whether BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) knew, or had reason to know, they requested, suffered, permitted, or allowed the Shift Rate Workers to work beyond their 8-hour shifts without pay;

    d.    Whether BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) failed to pay the Shift Rate Workers overtime wages for all overtime hours worked, including those worked beyond their 8-hour shifts, in violation of the FLSA and PMWA;

      e.      Whether BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) withheld earned wages (including earned overtime wages) from the Shift Rate Workers for all hours worked, including those worked beyond their 8-hour shifts, in violation of the PWPCL;

      f.      Whether BOP Acquisition LLC's, BOP Abstract LLC's, BOP Land Services LP's, and BOP Land GP LLC's shared decision not to pay the Shift Rate Workers overtime wages for all overtime hours worked was made in good faith;

      g.      Whether BOP Acquisition LLC's, BOP Abstract LLC's, BOP Land Services LP's, and BOP Land GP LLC's shared decision to withhold earned wages (including earned overtime wages) from the Shift Rate Workers for all hours worked was made in good faith;

      h.      Whether BOP Acquisition LLC's, BOP Abstract LLC's, BOP Land Services LP's, and BOP Land GP LLC's shared failure to pay its Shift Rate Workers earned wages was the result of a *bona fide* dispute; and

      i.      Whether BOP Acquisition LLC's, BOP Abstract LLC's, BOP Land Services LP's, and BOP Land GP LLC's violations were willful.

133.    Lohr knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

134.    As part of its regular and unified business practices, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) intentionally, willfully, and repeatedly violated the FLSA, PMWA, and PWPCL with respect to Lohr and the other Shift Rate Workers.

135.    BOP's company-wide illegal shift rate pay scheme deprived Lohr and the other Shift Rate Workers of the overtime wages they are owed under federal and Pennsylvania law.

136.    There are many similarly situated Shift Rate Workers who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

137.    The Shift Rate Workers are known to BOP, are readily identifiable, and can be located through BOP Acquisition LLC's, BOP Abstract LLC's, BOP Land Services LP's, and BOP Land GP LLC's shared business and personnel records.

### BOP's VIOLATIONS WERE WILLFUL AND DONE IN RECKLESS DISREGARD OF THE FLSA AND PENNSYLVANIA LAW

138.    Lohr incorporates all other paragraphs by reference.

139.    BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC knew they operated as a single, unified enterprise.

140.    BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC knew they employed Lohr and the other Shift Rate Workers under its single, unified BOP business operation.

141.    BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC knew they were subject to the FLSA's and PMWA's respective overtime provisions as a single, unified enterprise.

142.    BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC knew the FLSA and PMWA required them, as a single, unified enterprise, to pay non-exempt employees, including Lohr and the other Shift Rate Workers, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

143.    BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC knew they were subject to the PWPCL as a single, unified enterprise.

144.    BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC knew the PWPCL required them, as a single, unified enterprise, to pay employees, including Lohr and the other Shift Rate Workers, all wages (including overtime wages) earned on their regular pay days and after the termination of their employment.

145.    BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC  (as a single, unified enterprise) knew Lohr and each Shift Rate Worker worked more than 40 hours in at least one workweek during the last 3 years because these employees were required to report their hours worked to the BOP Entities via BOP's company-wide timekeeping system.

146.    BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) knew Lohr and the other Shift Rate Workers were non-exempt employees entitled to overtime pay.

147.    BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) knew they paid Lohr and the other Shift Rate Workers on a shift rate basis.

148.    BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) knew Lohr's and the other Shift Rate Workers' shift rates were based on an 8-hour day.

149.    BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC knew the FLSA, PMWA, and PWPCL required them, as a single, unified enterprise, to pay employees, including Lohr and the Shift Rate Workers, for all hours they performed compensable work.

150. BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC knew that, as Lohr's and the other Shift Rate Workers employer, they had a shared duty to ensure they were not performing work beyond their 8-hour shifts that BOP did not want performed.

151. BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC knew Lohr and the other Shift Rate Workers regularly worked beyond their 8-hour shifts because these employees to reported their hours worked via BOP's company-wide timekeeping system.

152. BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) knew Lohr and the other Shift Rate Workers regularly worked beyond their 8-hour shifts to complete their job duties and responsibilities for BOP Acquisition LLC's, BOP Abstract LLC's, BOP Land Services LP's, and BOP Land GP LLC's shared predominant benefit.

153. Thus, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) knew Lohr and the other Shift Rate Workers performed compensable work beyond their 8-hours shifts.

154. Indeed, Lohr and the other Shift Rate Workers repeatedly complained to BOP's common management, HR, and/or their supervisors about being forced to work beyond their 8-hour shifts.

155. Thus, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) requested, suffered, permitted, or allowed Lohr and the other Shift Rate Workers to work beyond their 8-hour shifts.

156. Nonetheless, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) only paid Lohr and the other Shift Rate Workers for a maximum of 8 hours a day, regardless of whether they worked more.

157.    Thus, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) knew, should have known, or recklessly disregarded whether they failed to pay Lohr and the other Shift Rate Workers for all the hours they performed compensable work, including those hours worked beyond their 8-hour shifts.

158.    In other words, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) knew, should have known, or recklessly disregarded whether they failed to pay Lohr and the other Shift Rate Workers overtime wages for all overtime hours worked, including hours worked beyond their 8-hour shifts, in violation of the FLSA and PMWA.

159.    Likewise, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) knew, should have known, or recklessly disregarded whether they withheld earned wages (including earned overtime wages) from Lohr and the other Shift Rate Workers for their hours worked beyond their 8-hour shifts in violation of the PWPCL.

160.    BOP Acquisition LLC's, BOP Abstract LLC's, BOP Land Services LP's, and BOP Land GP LLC's shared failure to pay Lohr and the other Shift Rate Workers overtime for all overtime hours worked was neither reasonable, nor was the shared decision not to pay these employees overtime for all overtime hours worked made in good faith.

161.    Likewise, BOP Acquisition LLC's, BOP Abstract LLC's, BOP Land Services LP's, and BOP Land GP LLC's shared failure to pay Lohr and the other Shift Rate Workers all their earned wages for all hours worked was neither reasonable, nor was the decision not to pay these employees all their earned wages for all hours worked made in good faith.

162.    BOP Acquisition LLC's, BOP Abstract LLC's, BOP Land Services LP's, and BOP Land GP LLC's shared failure to pay Lohr and the other Shift Rate Workers all their earned wages and overtime wages was not the result of a *bona fide* dispute.

163.    BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) knew, should have known, or recklessly disregarded whether their coordinated and unified conduct described in this Complaint violated the FLSA, PMWA, and PWPCL.

164.    BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) knowingly, willfully, and/or in reckless disregard carried out this illegal shift rate pay scheme that deprived Lohr and the other Shift Rate Workers of earned wages for all hours worked and overtime wages for all hours worked after 40 in a workweek in violation of the FLSA, PMWA, and PWPCL.

## COUNT I
### FAILURE TO PAY OVERTIME UNDER THE FLSA
### (FLSA COLLECTIVE)

165.    Lohr incorporates all other paragraphs by reference.

166.    Lohr brings his FLSA claim as a collective action on behalf of himself and the other FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

167.    BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) violated, and are violating, the FLSA by employing non-exempt employees (Lohr and the other FLSA Collective Members) in a covered enterprise for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for the hours they worked after 40 in a workweek, including hours worked beyond their 8-hours shifts.

168.    BOP Acquisition LLC's, BOP Abstract LLC's, BOP Land Services LP's, and BOP Land GP LLC's unified, unlawful conduct harmed Lohr and the other FLSA Collective Members by depriving them of the overtime wages they are owed.

169.    Accordingly, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) owe Lohr and the other FLSA Collective Members the difference between the wages actually paid and the proper overtime wages earned.

170.    Because BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) knew, or showed reckless disregard for whether, this shift rate pay scheme violated the FLSA, BOP owes Lohr and the other FLSA Collective Members these wages for at least the past 3 years.

171.    BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) are also liable to Lohr and the other FLSA Collective Members for an amount equal to all their unpaid overtime wages as liquidated damages.

172.    Finally, Lohr and the other FLSA Collective Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## <u>COUNT II</u>
### FAILURE TO PAY OVERTIME WAGES UNDER THE PMWA
### (PENNSYLVANIA CLASS)

173.    Lohr incorporates all other paragraphs by reference.

174.    Lohr brings his PMWA claims as a class action on behalf of himself and the other Pennsylvania Class Members pursuant to FED. R. CIV. P. 23.

175.    BOP Acquisition LLC's, BOP Abstract LLC's, BOP Land Services LP's, and BOP Land GP LLC's unified conduct violates the PMWA (43 Pa. Stat. §§ 333.101, *et seq.*).

176.    At all relevant times, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC were subject to the PMWA because BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) were (and are) an "employer" within the meaning of the PMWA. 43 Pa. Stat. § 333.103(g).

177.    At all relevant times, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) employed Lohr and each of the other Pennsylvania Class Members as covered "employees" within the meaning of the PMWA. 43 Pa. Stat. § 333.103(h).

178.    BOP Acquisition LLC's, BOP Abstract LLC's, BOP Land Services LP's, and BOP Land GP LLC's uniform, illegal shift rate pay scheme imposed on Lohr and the other Pennsylvania Class Members failed to comply with 43 Pa. Stat. § 333.104(c) and/or 34 Pa. Code § 231.43(b).

179.    Section 333.104(c) of the PMWA requires employers, like BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC, to pay non-exempt employees, including Lohr and the other Pennsylvania Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek. 43 Pa. Stat. § 333.104(c).

180.    BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) violated, and are violating, the PMWA by employing non-exempt employees (Lohr and the other Pennsylvania Class Members) for workweeks longer than 40 hours without paying such employees premium overtime wages at rates not less than 1.5 times their regular rates of pay for all their hours worked after 40 in a workweek, including those worked after their 8-hour shifts. *See* 43 Pa. Stat. § 333.104(c).

181.    BOP Acquisition LLC's, BOP Abstract LLC's, BOP Land Services LP's, and BOP Land GP LLC's unified unlawful conduct harmed Lohr and the other Pennsylvania Class Members by depriving them of the overtime wages they are owed.

182.    Accordingly, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) owe Lohr and the other Pennsylvania Class Members the difference between the overtime wages actually paid and the proper overtime wages actually earned, plus prejudgment interest and all available penalty wages. *See* 43 Pa. Stat. § 333.113.

183.    Finally, Lohr and the other Pennsylvania Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action. *See* 43 Pa. Stat. § 333.113.

## COUNT III

### FAILURE TO PAY ALL WAGES EARNED UNDER THE PWPCL
### (PENNSYLVANIA CLASS)

184.    Lohr incorporates all other paragraphs by reference.

185.    Lohr brings his PWPCL claims as a class action on behalf of himself and the other Pennsylvania Class Members pursuant to FED. R. CIV. P. 23.

186.    BOP Acquisition LLC's, BOP Abstract LLC's, BOP Land Services LP's, and BOP Land GP LLC's unified conduct violates the PWPCL (43 Pa. Stat. §§ 260.1, *et seq.*).

187.    At all relevant times, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC were subject to the PMWA because BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) were (and are) an "employer" within the meaning of the PWPCL. 43 Pa. Stat. § 260.2a.

188.    At all relevant times, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) employed Lohr and each of the other Pennsylvania Class Members as covered "employees" within the meaning of the PWPCL.

189.    The PWPCL requires employers, like BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC, to pay employees, including Lohr and the other Pennsylvania Class Members, all wages (including overtime wages) earned, due, and owing to them on their regular payday and following the termination of their employment. 43 Pa. Stat. §§ 260.3 and 260.5.

190.    BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) violated, and are violating, the PWPCL by depriving Lohr and

the other Pennsylvania Class Members of the wages earned, due, and owing to them, including those wages earned for work performed after their 8-hour shifts. *See* 43 Pa. Stat. §§ 260.3 and 260.5.

191.    Lohr's and the other Pennsylvania Class Members' earned wages have remained unpaid for more than 30 days from the date they were earned, due, and payable.

192.    BOP Acquisition LLC's, BOP Abstract LLC's, BOP Land Services LP's, and BOP Land GP LLC's unified unlawful conduct harmed Lohr and the other Pennsylvania Class Members by depriving them of the earned wages they are owed.

193.    BOP Acquisition LLC's, BOP Abstract LLC's, BOP Land Services LP's, and BOP Land GP LLC's unified failure to pay Lohr and the other Pennsylvania Class Members all their earned wages was not the result of a *bona fide* dispute.

194.    Accordingly, BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) owe Lohr and the other Pennsylvania Class Members the difference between the wages actually paid and the wages actually earned, plus prejudgment interest and all available penalty wages. *See* 43 Pa. Stat. § 260.9a.

195.    BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) also owe Lohr and the other Pennsylvania Class Members liquidated damages in an amount equal to 25% of their unpaid wages. *See* 43 Pa. Stat. § 260.10.

196.    Finally, Lohr and the other Pennsylvania Class Members are entitled to recover their attorneys' fees and costs. *See* 43 Pa. Stat. § 260.9a(f).

**JURY DEMAND**

197.    Lohr demands a trial by jury on all Counts.

**RELIEF SOUGHT**

WHEREFORE, Lohr, individually and on behalf of the other Shift Rate Workers, seeks the following relief:

a.   An Order designating this lawsuit as a collective action and authorizing notice to the FLSA Collective Members allowing them to join this action by filing a written notice of consent;

b.   An Order certifying a class action pursuant to FED. R. CIV. P. 23;

c.   An Order appointing Lohr and his counsel to represent the interests of the Shift Rate Workers;

d.   An Order finding BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) liable to Lohr and the other FLSA Collective Members for unpaid overtime wages owed under the FLSA, plus liquidated damages in an amount equal to their unpaid wages;

e.   An Order finding BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) liable to Lohr and the other Pennsylvania Class Members for unpaid overtime wages owed under the PMWA, plus all available penalties;

f.   An Order finding BOP Acquisition LLC, BOP Abstract LLC, BOP Land Services LP, and BOP Land GP LLC (as a single, unified enterprise) liable to Lohr and the other Pennsylvania Class Members for unpaid earned wages owed under the PWPCL, plus liquidated damages;

g.   An Order awarding Lohr and the other Pennsylvania Class Members an additional 25% penalty as liquidated damages under the PWPCL;

h.    Judgment awarding Lohr and the other Shift Rate Workers all unpaid wages, liquidated damages, statutory damages, and any and other penalties available under the FLSA, PMWA, and PWPCL;

i.    An Order awarding attorneys' fees, costs, and expenses;

j.    An Order awarding pre- and post-judgement interest at the highest applicable rates; and

k.    Such other and further relief as may be necessary and appropriate.

Date:   January 18, 2024             Respectfully submitted,

JOSEPHSON DUNLAP, LLP

By: */s/ Michael A. Josephson*
       Michael A. Josephson
       Andrew W. Dunlap
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Phone: (713) 352-1100
Fax:    (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch
BRUCKNER BURCH PLLC
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Phone: (713) 877-8788
Fax:    (713) 877-8065
rburch@brucknerburch.com

Joshua P. Geist, PA ID No. 85745
William F. Goodrich, PA ID No. 30235
GOODRICH & GEIST, PC
3634 California Ave.
Pittsburgh, Pennsylvania 15212
Phone: (412) 766-1455
Fax:    (412) 766-0300
josh@goodrichandgeist.com
bill@goodrichandgeist.com

ATTORNEYS FOR LOHR &
THE SHIFT RATE WORKERS